G. ARBONA & CO., PLAINTIFFS AND APPELLANTS, *v.* ORTIZ ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of Ponce in an Action of Debt.

No. 2762.—Decided July 24, 1923.

DEBT—EVIDENCE.—On the evidence on which the trial court based its judgment dismissing the action of debt it was *Held:* That since it was not shown that any error was committed in weighing the evidence, the judgment should be affirmed.

The facts are stated in the opinion.

*Messrs. López de Tord, Zayas* and *Pizarro* for the appellants.

*Mr. R. Martínez Nadal* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

G. Arbona & Company, a mercantile partnership of Ponce,

P. R., brought an action against Luis Ortiz and Alcides Nuñez to recover the sum of $1,022.58.

It was alleged in the complaint that in May of 1918 the defendants and José Blay formed a limited mercantile partnership under the firm name of Ortiz, Nuñez & Co., Ltd., the defendants being the managing partners and Blay a silent partner. The partnership so created engaged in the purchase and sale of groceries in its main establishment on Atocha Street in Ponce and in a branch establishment opened on Villa Street in the same city under the name of Alcides Nuñez, who, in order to stock the branch store, purchased from the plaintiffs in June of 1918 groceries to the value of $1,022.58 which has not been paid by the firm, by the partners or by any other person. Ortiz, Nuñez & Company, Ltd., were dissolved and all of their property was transferred to another firm called L. Ortiz & Company, which did not assume the payment of the debts of Ortiz, Nuñez & Company, Ltd.

Nothing appears in the record with regard to defendant Alcides Nuñez. Not even whether or not he was summoned. Defendant Luis Ortiz demurred to the complaint and his demurrer was overruled, whereupon he filed an answer denying that Ortiz, Nuñez & Company, Ltd., had any branch store and that Alcides Nuñez bought groceries from the plaintiffs for the branch store for the account of the firm. The dissolution of the firm was admitted, but it was denied that the new firm did not assume the payment of the debts actually contracted by the extinct firm.

As new matter of defense it was alleged in the answer that the groceries referred to in the complaint were sold by the plaintiffs to Alcides Nuñez personally for a store that he had on Villa Street in the city of Ponce, P. R.

At the trial of the case evidence was examined and the court dismissed the complaint and filed a "statement of the case and opinion" which reads as follows:

"This case was heard in this court on the 16th and 17th of January, 1922, after having been set for trial on the civil docket, the plaintiffs appearing by attorney Vicente Zayas Pizarro and the defendants by attorney Rafael Martínez Nadal.

"At the trial the plaintiffs offered oral and documentary evidence while the defendants introduced only documentary evidence.

"In view of the evidence as a whole the court is of the opinion that the law and the facts in this case are in favor of defendants Luis Ortiz and Alcides Núñez and against plaintiffs G. Arbona & Company and that judgment should be rendered dismissing the complaint in all of its parts, the plaintiffs to pay the costs.

"The clerk will enter a judgment in accordance with the terms of this opinion in the corresponding docket."

From that judgment the plaintiffs appealed to this court, assigning in their brief four errors. The first assignment is that the court failed to comply with section 227 of the Code of Civil Procedure. The other three go to the weighing of the evidence.

Discussing the first assignment the appellants maintain that the "statement of the case and opinion" handed down by the trial court does not comply with section 227 of the Code of Civil Procedure. We agree with them. In every case the judge should state the facts and the law that he has applied. For that purpose it is not necessary to write a lengthy opinion and thereby the conscience of the judge acts with more certainty. When the material facts of a case are brought out the questions involved are more clearly seen, and in stating expressly the law or the jurisprudence in the light of which the questions raised are decided the judge has a last opportunity to test the justice of his decision. But the omission noted does not carry with it the reversal of the judgment, in accordance with the jurisprudence of this court, especially as it does not appear that the appellants complained of it in the court below.

The three remaining assignments may be examined jointly.

The plaintiffs first offered in evidence a copy of a deed of purchase and sale and modification of contract executed in

Ponce on June 28, 1918, by Alcides Nuñez, Luis Ortiz and Andrés Grillasca, the last as attorney in fact of José Blay. In that deed reference is made to the articles executed a month before·creating the firm of Ortiz, Nuñez & Company, Ltd., to which Ortiz contributed $3,380, Nuñez $1,089 and Blay, the silent partner, $3,095, and it is stated that Nuñez retires from the firm and sells his interest to the firm of which he was a member for the sum of $1,400, payable as follows: $450 paid by the firm for the private debts of Alcides Nuñez; $450 paid to him at the time in American bank notes of legal tender, *and the remaining $500 in groceries that the firm has in a branch store on Villa Street in the city of Ponce."* (Italics ours.)

The said deed contains another paragraph which, in so far as pertinent, reads as follows:

"Third: The parties, in the capacity in which each of them appears, agree that the acts done by Alcides Núñez while he was managing partner of the said firm shall remain in full force and effect, * * * Núñez stating that he has contracted no other debts than purchases for the firm of which he was a member."

The plaintiffs then offered the testimony of witnesses Mirabal and Castellano. Both had been in the employ of the plaintiffs and the former was still such employee at the time of the trial. Their testimony tends to show that when Alcides Nuñez personally bought the groceries from the plaintiffs he said that they were for the branch store of Ortiz, Nuñez & Company, Ltd. Manuel Vallés, who seems to be a member of the plaintiff firm, also took the stand and, among other things, said:

"Alcides Núñez told us that the branch store in question was licensed in his name and that the main store was about to buy, or had in fact begun to buy, a quantity of herring and he himself suggested that in order to avoid confusion of the accounts of the main store with those of the branch the accounts of the main store should be opened in his name and those of the branch in the name of Ortiz, Núñez & Company."

The defendants offered in evidence an invoice of June 27, 1918, amounting to $311.75, for goods purchased from the plaintiffs by Alcides Nuñez. It clearly appears that Ortiz, Nuñez & Co., Ltd., do not figure as debtors in the account books of the plaintiffs. In the said books Alcides Nuñez individually appears to be owing the amount claimed in this suit. He also appears as the debtor on the invoice.

Such is the summarized evidence. In our opinion the judgment should be affirmed. There are no good reasons for interfering with the conclusion of the trial judge. Their own books speak against the plaintiffs. If the alleged arrangement with Alcides Nuñez was true, they should have entered it by means of a note in their books for their own protection. They did not do so and have only themselves to blame for that omission. We can not hold that the court overstepped its own judgment and its judicial conscience in refusing to believe the oral evidence of the plaintiffs.

The plaintiffs lay great stress on the deed. They contend that it contains the statement made by the members of the firm of Ortiz, Nuñez & Company, Ltd., that the store on Villa Street for which the groceries were sold was a branch store belonging to the firm and that as the firm has been dissolved its members are liable.

In the first place, although the use of the word "branch" seems to give the idea of dependence or ownership, the fact is that in the deed it is not expressly stated that the branch store belonged to the firm, but only that a part of the purchase price of the interest of Nuñez was to be paid for with "groceries that the firm has in a branch store."

The deed in question was admitted over the objection of the defendants based on its invalidity because the silent partner personally was not a party to it. But discarding the objection and giving it all possible probative value, it appears therefrom that the newly formed firm, if it can be so considered, assumed the obligations of the old firm which, judging from the documents, lived less than two

months, and it was expressly stated that the acts done by Nuñez should remain in full force and effect, and the present action is not brought against the new firm, but against the managing partners of the old firm individually, or, rather, against one of them.

The appeal must be dismissed and the judgment

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

In Ponce two merchants, one a firm and the other an individual, pooled their interests and formed a new partnership. The articles of partnership are not before us but the articles of dissolution are. These articles contain the following clauses:

"Fourth.—Considering his interests best served by withdrawing from the firm in question, the partner Alcides Núñez has made an agreement therewith to sell his interest therein, which he hereby does under the following terms and conditions:

First.—Alcides Núñez sells, transfers and conveys to the mercantile firm of Ortiz, Núñez & Co., Ltd., all the assets, rights and actions pertaining to him therein in connection with all the business in which the said firm is engaged.

"Second.—The price of the interest so alienated is fixed at the stipulated sum of fourteen hundred dollars, made up as follows: $450 paid by the firm in settlement of the private accounts of Alcides Núñez; $450 in U. S. bills of lawful currency in hand paid, and the balance of $500 in merchandise owned by the firm at its branch in Villa Street, Ponce, including food-stuffs and goods already inventoried and accepted by Alcides Núñez, and accounts made payable to him.

"Third.—Each of the parties in his respective capacity agrees that the acts performed by Alcides Núñez while he was managing partner of the said firm shall remain in full force and effect; that the firm releases Alcides Núñez from any and all obligations contracted by him for or against the concern; and that, in like manner, the party Núñez forever renounces any right he may or might have against

the said partnership, releasing it in the most solemn manner from any act or obligation that may have been contracted personally by him, in which connection he, the said Núñez, denies that he has contracted any debts other than for purchases for the firm of which he was a partner."

This was a clear obligation on the part of Ortiz to save Nuñez harmless from any debts contracted on behalf of the firm. Before he entered Nuñez had a shop of his own. That this shop became merged in the firm is shown by the paragraph marked "Second" and by the new matter of defense contained in the answer as follows:

"And as new matter of defense defendant Luis Ortiz alleges that the sales amounting to $1,022.58 to which G. Arbona & Co. refers in the fourth paragraph of the complaint were made privately and in his personal capacity to Alcides Núñez for a shop owned by the latter in his name and owned exclusievly by him in Villa Street, to whom G. Arbona & Co. extended credit during the time he was partner of Ortiz, Núñez & Co., Ltd., and that when Núñez withdrew from said partnership, G. Arbona & Co., fearing the loss of their credit, brought action against Ortiz, Núñez & Co. although their debtor was Alcides Núñez in his personal capacity as shown by the plaintiff's own invoice."

In this new matter the *sucursal* is identified as being the same as the one referred to in the articles of dissolution. The defendants and appellees merely raised the question whether the merchandise bought was on account of Nuñez or on the account of the firm. In the articles of dissolution that we have transcribed Ortiz specifically accepted the cession of all the goods contained in the *sucursal,* but does not want to be made responsible for the debts of that *sucursal.* With this end in view he denies responsibility for the same despite the provision "Third" of the articles of dissolution wherein not only is Nuñez relieved of any debts contracted on behalf of the firm, but he solemnly sets forth that he has made no purchases except for the firm.

Given the articles of dissolution and the new matter of .the answer, the complainants established a *prima facie* case and the burden was·placed upon Ortiz to show that the debts contracted by Nuñez were contracted independently of the firm. The books of G. Arbona & Co. are the only evidence in his favor, but as the other written evidence showed that Nuñez was running the branch for the firm the *prima facie* case that all his dealings were on behalf of his firm is not destroyed.

Under these circumstances it would make no difference, as · appears probable, that the court did not believe the statements of the employees of G. Arbona to the effect that Nuñez was buying for the firm.· They may have tried to bolster up the case but a *prima facie* case was shown by the pleading and the articles of dissolution.

The facts, therefore, place the case on the basis of the right of a person dealing with a supposed individual, when in point of fact he was a member of a firm with the confusion of rights and liabilities necessarily resulting. This is more especially evidenced by the fact that Ortiz and his other partner are shown to be taking possession of all the assets in the branch. This would be a fraud against creditors unless they had also assumed the payment of the debts.